TUCKER ELLIS LLP
Michael T. Adelsheim – SBN 268817
michael.adelsheim@tuckerellis.com
One Market Plaza, Steuart Tower, Suite 700
San Francisco, CA 94105
Telephone:	415.617.2400
Facsimile:	415.617.2409

OSTROLENK FABER LLP
Douglas A. Miro (*pro hac vice to be submitted*)
dmiro@ostrolenk.com
Ariel S. Peikes (*pro hac vice to be submitted*)
apeikes@ostrolenk.com
1180 Avenue of the Americas
New York, NY 10036-8403
Telephone:	212. 382.0700
Facsimile:	212. 382.0888

Attorneys for Defendant
STEVEN MADDEN, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIRWAIR INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN MADDEN, LTD., a New York Corporation and DOES 1 - 50, <br><br> Defendants. | Case No. 3:17-cv-01024-SI <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STEVEN MADDEN, LTD. TO PLAINTIFF'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **HON. SUSAN ILLSTON** |

ANSWER TO COMPLAINT
CASE NO. 3:17-CV-01024-SI

Defendant Steven Madden, Ltd. ("Madden"), by its undersigned counsel, answers the allegations set forth in Plaintiff AIRWAIR INTERNATIONAL LTD.'s (hereinafter "Plaintiff" or "Airwair") "Complaint for (1) Federal Trademark Infringement, (2) Federal False Designation of Origin, (3) Trademark Dilution, (4) California Statutory Unfair Competition, (5) Common Law Unfair Competition, and (6) California Statutory Trademark Dilution" as follows:

1. Madden lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 1 and therefore denies said allegations.

2. Madden admits that it has an address at 52-16 Barnett Avenue, Long Island City, NY 11104, but otherwise denies the allegations in Paragraph 2.

3. Madden admits the allegations in Paragraph 3.

4. Madden admits that Plaintiff has sued "DOES 1 through 50" under fictitious names. Madden otherwise lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 4 and therefore denies said allegations.

5. Madden admits the allegations of Paragraph 5, except that it denies that this case "arises" out of any valid claim against Madden.

6. Madden admits the allegations in Paragraph 6, except that it denies that this case "arises" out of any valid claim against Madden.

7. Madden denies the allegations in Paragraph 7.

8. Madden denies the allegations in Paragraph 8.

9. Madden lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 9, and therefore denies said allegations.

10. Madden lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 10, and therefore denies said allegations.

11. Madden lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 11, and therefore denies said allegations.

12. Madden admits that Plaintiff was purportedly awarded the listed trade dress registrations by the United States Patent and Trademark Office and that copies of those registrations are attached to

the Complaint. Madden otherwise lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 12, and therefore denies said allegations.

13. Madden lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 13, and therefore denies said allegations.

14. Madden lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 14, and therefore denies said allegations.

15. Madden lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 15, and therefore denies said allegations.

16. Madden denies the allegations in Paragraph 16.

17. Madden lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 17, and therefore denies said allegations.

18. Madden denies the allegations in Paragraph 18.

19. Madden denies the allegations in Paragraph 19.

20. Madden denies the allegations in Paragraph 20.

21. Madden denies the allegations in Paragraph 21.

22. Madden denies the allegations in Paragraph 22, except that it lacks knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 22, or the authenticity of the documents attached as Exhibit 10 to the Complaint, and therefore denies said allegations.

23. Madden denies the allegations in Paragraph 23.

24. Paragraph 24 sets forth legal conclusions to which no response is required. Madden denies the allegations in Paragraph 24.

25. Madden denies the allegations in Paragraph 25.

26. Madden denies the allegations in Paragraph 26.

27. Madden denies the allegations in Paragraph 27.

28. Madden denies the allegations in Paragraph 28.

# FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of Lanham Act Section 32, 15 U.S.C. § 1114)

29. In response to Paragraph 29, Madden repeats and incorporates by reference the full text of its foregoing numbered paragraphs as though each paragraph has been fully set forth hereat.

30. Madden denies the allegations in Paragraph 30.

31. Madden denies the allegations in Paragraph 31.

32. Madden denies the allegations in Paragraph 32.

33. Madden denies the allegations in Paragraph 33.

# SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

34. In response to Paragraph 34 of the Complaint, Madden repeats and incorporates by reference the full text of its foregoing numbered paragraphs as though each paragraph has been fully set forth hereat.

35. Madden denies the allegations in Paragraph 35, including those set forth in sub-paragraphs (a) and (b).

36. Madden denies the allegations in Paragraph 36.

# THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

37. In response to Paragraph 37 of the Complaint, Madden repeats and incorporates by reference the full text of its foregoing numbered paragraphs as though each paragraph has been fully set forth hereat.

38. Madden denies the allegations in Paragraph 38.

39. Madden denies the allegations in Paragraph 39.

40. Madden denies the allegations in Paragraph 40.

41. Madden denies the allegations in Paragraph 41.

42. Madden denies the allegations in Paragraph 42.

**FOURTH CLAIM FOR RELIEF**

**(Unfair Competition in Violation of California Business & Professional Code Section 17200, et seq.)**

43. In response to Paragraph 43 of the Complaint, Madden repeats and incorporates by reference the full text of its foregoing numbered paragraphs as though each paragraph has been fully set forth hereat.

44. Madden denies the allegations in Paragraph 44.

45. Madden denies the allegations in Paragraph 45.

46. Madden denies the allegations in Paragraph 46.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

47. In response to Paragraph 47 of the Complaint, Madden repeats and incorporates by reference the full text of its foregoing numbered paragraphs as though each paragraph has been fully set forth hereat.

48. Madden denies the allegations in Paragraph 48.

49. Madden denies the allegations in Paragraph 49.

**SIXTH CLAIM FOR RELIEF**

**(Dilution in Violation of California Business & Professional Code Section 14247, et seq.)**

50. In response to Paragraph 50 of the Complaint, Madden repeats and incorporates by reference the full text of its foregoing numbered paragraphs as though each paragraph has been fully set forth hereat.

51. Madden denies the allegations in Paragraph 51.

52. Madden denies the allegations in Paragraph 52.

53. Madden denies the allegations in Paragraph 53.

54. Madden denies the allegations in Paragraph 54.

# AFFIRMATIVE DEFENSES

For its affirmative defenses, Madden alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action set forth in the Complaint, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that Plaintiff has no protectable trademark or trade dress rights as alleged in the Complaint because, inter alia, the elements of the asserted trade dress are functional and are not entitled to legal protection.

## THIRD AFFIRMATIVE DEFENSE

The elements of Plaintiff's alleged trade dress are generic elements of a functional item (a shoe), which had not acquired distinctiveness, secondary meaning, or served as a source identifier, at least as of the time of the acts alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that Plaintiff's trademarks lack secondary meaning because consumers do not associate Plaintiff's purported trademarks with Plaintiff alone.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that Plaintiff's allegations in the Complaint are barred under the doctrines of acquiescence, waiver, laches and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that Plaintiff's claims are barred in whole or in part by the equitable principle and defense of unclean hands, and that Plaintiff therefore is precluded at law and in equity from asserting any of the claims purported to be set forth in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

On information and belief, United States Trademark Registration No. 2,102,468 ("the '468 Registration") is invalid and subject to cancellation because, inter alia, the undersole design shown in the registration for *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**EIGHTH AFFIRMATIVE DEFENSE**

On information and belief, United States Trademark Registration No. 2,437,750 ("the '750 Registration") is invalid and subject to cancellation because, inter alia, the use of yellow stitch located around the perimeter of *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**NINTH AFFIRMATIVE DEFENSE**

On information and belief, United States Trademark Registration No. 2,437,751 ("the '751 Registration") is invalid and subject to cancellation because, inter alia, the use of yellow stitching in the welt area and a two-tone groove sole edge on *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**TENTH AFFIRMATIVE DEFENSE**

On information and belief, United States Trademark Registration No. 5,067,689 ("the '689 Registration") is invalid and subject to cancellation because, inter alia, the use of a sole edge with longitudinal ribbing and a dark color band over a light color on *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**ELEVENTH AFFIRMATIVE DEFENSE**

On information and belief, United States Trademark Registration No. 5,067,692 ("the '692 Registration") is invalid and subject to cancellation because, inter alia, the use of a sole edge with longitudinal ribbing and a dark color band over a light color, welt stitching, and a tab at the top back heel of *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**WHEREFORE**, Madden prays for judgment as follows:

A.    For an order dismissing all of Plaintiff's claims against Madden, and that Plaintiff take nothing by its Complaint;

B.    For a judgment declaring that U.S. Trademark Registrations Nos. 2,102,468; 2,437,750; 2,437,751; 5,067,689; and 5,067,692 are not infringed by Madden;

C. For a judgment declaring that U.S. Trademark Registrations Nos. 2,102,468; 2,437,750; 2,437,751; 5,067,689; and 5,067,692 are invalid and/or unenforceable, and that the Court order the Director of the United States Patent and Trademark Office to cancel the Registrations;

D. That the Court award Defendant its costs of suit;

E. That the Court award Defendant its reasonable attorneys' fees and litigation expenses; and

F. The Court award such other relief as it deems appropriate.

DATED: May 24, 2017                                 Tucker Ellis LLP


By: /s/Michael T. Adelsheim
    Michael T. Adelsheim
    Attorneys for Defendant
    STEVEN MADDEN, LTD.

**DEMAND FOR JURY TRIAL**

Madden demands a trial by jury on all issues so triable.

DATED: May 24, 2017                                Tucker Ellis LLP


                                                   By: /s/Michael T. Adelsheim
                                                       Michael T. Adelsheim
                                                       Attorneys for Defendant
                                                       STEVEN MADDEN, LTD.

9

ANSWER TO COMPLAINT
CASE NO. 3:17-CV-01024-SI
1255476.1